APPLE AMERICAN GROUP LLC
Jenna M. Yott (SBN 251901)
225 Bush Street, Suite 1800
San Francisco, California 94104
Telephone: (415) 523-9405
Facsimile: (415) 500-6629
jyott@flynnrg.com

Attorneys for Defendant
APPLE SOCAL LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAM MALDONADO,<br><br>            Plaintiff,<br><br>      v.<br><br>APPLE SOCAL LLC D/B/A APPLEBEE'S; BRANSFORD W. JACKSON, TRUSTEE OF BRANSFORD W. JACKSON TRUST,<br><br>            Defendants. | Case No. 8:19-cv-02446 JVS (KESx)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT APPLE SOCAL LLC AND CROSSCLAIM AGAINST W. JACKSON BRANSFORD, TRUSTEE OF BRANSFORD LIVING TRUST**<br><br>The Hon. James V. Selna<br><br>Action Filed:      December 17, 2019<br>Trial Date:       Not Set |
| APPLE SOCAL LLC,<br><br>            Cross-Complainant,<br><br>      v.<br><br>W. JACKSON BRANSFORD, TRUSTEE OF BRANSFORD LIVING TRUST,<br><br>            Cross-Defendant. | |

1

Defendant Apple SoCal LLC, ("Apple"), for its answer and affirmative defenses to the Complaint of Miriam Maldonado ("Complaint") alleges as follows:

## JURISDICTION AND VENUE

1.      As to Paragraph 1 of the Complaint, Apple admits that subject-matter jurisdiction is proper in this Court.  Apple denies the remaining allegations set forth in Paragraph 1 of the Complaint.

2.      As to Paragraph 2 of the Complaint, Apple admits that subject-matter jurisdiction is proper in this Court.  Apple denies the remaining allegations set forth in Paragraph 2 of the Complaint.

3.      As to Paragraph 3 of the Complaint, Apple admits that venue is proper in this Court.  Apple denies the remaining allegations set forth in Paragraph 3 of the Complaint.

## PARTIES

4.      As to Paragraph 4 of the Complaint, Apple lacks sufficient information and belief to admit or deny the allegations.

5.      As to Paragraph 5 of the Complaint, Apple admits that at the relevant times, it owns and operates the Applebee's Grill + Bar located at 1238 West Imperial Highway, La Habra, California.   Apple admits, on information and belief, that at the relevant times, the Bransford Living Trust is the owner of the shopping center at Imperial Highway, La Habra, California and the lessor of the Applebee's Grill + Bar.  Apple denies the remaining allegations set forth in Paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint sets forth contentions of law and therefore no response is required.  To the extent a response is required, Apple denies the allegations.

7.      As to Paragraph 7 of the Complaint, Apple denies the allegations.

ANSWER, AFF. DEFENSES & CROSS-CLAIM OF APPLE SOCAL LLC          Case No. 8:19-cv-02446

8.     Paragraph 8 of the Complaint sets forth contentions of law and therefore no response is required.  To the extent a response is required, Apple denies the allegations.

## FACTUAL ALLEGATIONS

9.     As to Paragraph 9 of the Complaint, Apple lacks sufficient information and belief to admit or deny the allegations in the first and second sentence.  Apple admits the allegations in the third sentence.

10.     As to Paragraph 10 of the Complaint, Apple denies the allegations.

11.     As to Paragraph 11 of the Complaint, Apple denies the allegations.

12.     As to Paragraph 12 of the Complaint, Apple denies the allegations.

13.     As to Paragraph 13 of the Complaint, Apple denies the allegations.

14.     As to Paragraph 14 of the Complaint, Apple denies the allegations.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

15.     As to Paragraph 15 of the Complaint, Apple realleges and incorporates by reference its responses to Paragraph 1 through 14 as if fully set forth herein.

16.     Paragraph 16 of the Complaint sets forth contentions of law and therefore no response is required.  To the extent a response is required, Apple denies the allegations.

17.     Paragraph 17 of the Complaint sets forth contentions of law and therefore no response is required.  To the extent a response is required, Apple denies the allegations.

18.     Paragraph 18 of the Complaint sets forth contentions of law and therefore no response is required.  To the extent a response is required, Apple denies the allegations.

19.     Paragraph 19 of the Complaint sets forth contentions of law and therefore no response is required.  To the extent a response is required, Apple denies the allegations.

20.     Paragraph 20 of the Complaint sets forth contentions of law and therefore no response is required.  To the extent a response is required, Apple denies the allegations.

21.     As to Paragraph 21 of the Complaint, Apple denies the allegations.

22.     Paragraph 22 of the Complaint sets forth contentions of law and therefore no response is required.  To the extent a response is required, Apple denies the allegations.

23.     As to Paragraph 23 of the Complaint, Apple denies the allegations.

24.     As to Paragraph 24 of the Complaint, the first sentence sets forth contentions of law and therefore no response is required.  To the extent a response is required, Apple denies the allegations.  Apple denies the allegations in the second sentence.

25.     As to Paragraph 25 of the Complaint, Apple denies the allegations.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

26.     As to Paragraph 26 of the Complaint, Apple realleges and incorporates by reference its responses to Paragraph 1 through 25 as if fully set forth herein.

27.     Paragraph 27 of the Complaint sets forth contentions of law and therefore no response is required.  To the extent a response is required, Apple denies the allegations.

28.     Paragraph 28 of the Complaint sets forth contentions of law and therefore no response is required.  To the extent a response is required, Apple denies the allegations.

29.     Paragraph 29 of the Complaint sets forth contentions of law and therefore no response is required.  To the extent a response is required, Apple denies the allegations.

30.     As to Paragraph 30 of the Complaint, Apple denies the allegations.

31.     As to Paragraph 31 of the Complaint, Apple denies the allegations.

### THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA DISABLED PERSONS ACT

32.     As to Paragraph 32 of the Complaint, Apple realleges and incorporates by reference its responses to Paragraph 1 through 31 as if fully set forth herein.

33.     Paragraph 33 of the Complaint sets forth contentions of law and therefore no response is required.  To the extent a response is required, Apple denies the allegations.

34.     Paragraph 34 of the Complaint sets forth contentions of law and therefore no response is required.  To the extent a response is required, Apple denies the allegations.

35.     Paragraph 35 of the Complaint sets forth contentions of law and therefore no response is required.  To the extent a response is required, Apple denies the allegations.

36.     As to Paragraph 36 of the Complaint, Apple denies the allegations.

37.     As to Paragraph 37 of the Complaint, Apple denies the allegations.

### FOURTH CAUSE OF ACTION

### UNFAIR COMPETITION ACT

38.     As to Paragraph 38 of the Complaint, Apple realleges and incorporates by reference its responses to Paragraph 1 through 37 as if fully set forth herein.

39.     As to Paragraph 39 of the Complaint, Apple denies the allegations.

40.     As to Paragraph 40 of the Complaint, Apple denies the allegations.

41.     As to Paragraph 41 of the Complaint, Apple denies the allegations.

### FIFTH CAUSE OF ACTION

### NEGLIGENCE

42.     As to Paragraph 42 of the Complaint, Apple realleges and incorporates by reference its responses to Paragraph 1 through 41 as if fully set forth herein.

43.     Paragraph 43 of the Complaint sets forth contentions of law and therefore no response is required.  To the extent a response is required, Apple denies the allegations.

44.     As to Paragraph 44 of the Complaint, Apple denies the allegations.

45.     As to Paragraph 45 of the Complaint, Apple denies the allegations.

## ANSWER TO PRAYER FOR RELIEF

Apple denies that Plaintiff has any valid claims against it and denies that Plaintiff is entitled to any of the relief requested against it, including judgment, equitable or injunctive relief, preventive relief, damages of any kind (including but not limited to special, statutory, punitive, exemplary, or general), costs, attorney's fees, pre- or post-judgment interest, or any other relief.

## APPLE'S AFFIRMATIVE DEFENSES

Without admitting any of the facts alleged in the Complaint, Apple alleges and asserts the affirmative defenses set forth herein. By pleading these affirmative defenses, Apple does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.  Moreover, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.  Apple may have additional affirmative defenses of which it is not fully aware and reserves the right to assert additional affirmative defenses after they are ascertained.

## FIRST AFFIRMATIVE DEFENSE

46.     Plaintiff's Complaint should be dismissed, in whole or in part, because it fails to state a cause of action upon which relief may be granted and/or fails to allege sufficient facts necessary to state a claim.

## SECOND AFFIRMATIVE DEFENSE

47.     Plaintiff's claims are barred because Apple has substantially complied with any and all federal, state, or local statutes, regulations, constitutional

ANSWER, AFF. DEFENSES & CROSS-CLAIM OF APPLE SOCAL LLC          Case No. 8:19-cv-02446

provisions, common laws, or public policies and have caused no damage or injury to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

48.     Plaintiff's claims are barred to the extent Plaintiff is not disabled as defined by the ADA.

### FOURTH AFFIRMATIVE DEFENSE

49.     Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

50.     Plaintiff's claims are barred by the applicable statutes of limitation or other periods of limitation.

### SIXTH AFFIRMATIVE DEFENSE

51.     At all times relevant to this action, Apple's actions were in good faith and it had reasonable grounds for believing those actions were not in violation of any law.

### SEVENTH AFFIRMATIVE DEFENSE

52.     Plaintiff's demands are not readily achievable as that term is defined in Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iv).

### EIGHTH AFFIRMATIVE DEFENSE

53.     Plaintiff's demands are not readily achievable, not reasonable, not required, and/or not technically feasible under the ADA, and would create an undue hardship for Apple, and may be prevented by architectural and other factors such as municipal building codes and/or ordinances.

### NINTH AFFIRMATIVE DEFENSE

54.     There is no causal connection between Apple's action or inaction and any injury allegedly suffered by Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

ANSWER, AFF. DEFENSES & CROSS-CLAIM OF APPLE SOCAL LLC          Case No. 8:19-cv-02446

55.     Plaintiff does not have a legitimate and/or bona fide intent to be a patron of Apple's location identified in the Complaint other than for the purpose of pursuing litigation and therefore lacks standing to bring these claims.

## ELEVENTH AFFIRMATIVE DEFENSE

56.     Plaintiff lacks standing to challenge the alleged barriers to access in areas of the subject property that she did not visit prior to filing his Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

57.     Plaintiff has not suffered and is not suffering irreparable harm and, as such, no injunctive or declaratory relief is warranted.

## THIRTEENTH AFFIRMATIVE DEFENSE

58.     Plaintiff has failed to specify or demonstrate actual harm allegedly suffered as a result of Apple's alleged violations of the ADA; as such, Plaintiff lacks standing to pursue her claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

59.     Plaintiff's Complaint and the causes of action alleged therein are barred because the alleged violations are *de minimis* and non-actionable, as they do not materially impair Plaintiff's use of the physical property at issue for their intended purpose.  Apple asserts that *de minimis* violations of federal regulations are not actionable or enjoinable.

## FIFTEENTH AFFIRMATIVE DEFENSE

60.     Plaintiff has failed to mitigate her damages and failed to meet conditions precedent to bringing this suit including, but not limited to, failing to provide Apple with adequate notice of the alleged deficiencies and failing to give Apple any reasonable opportunity to cure any alleged deficiencies prior to filing suit.

## SIXTEENTH AFFIRMATIVE DEFENSE

61.     The modifications demanded by Plaintiff in this action constitute "fundamental alterations."

## SEVENTEENTH AFFIRMATIVE DEFENSE

62.     Plaintiff's claims are barred because the modifications Plaintiff seeks in this action are not "alterations" within the meaning of the ADA and/or they do not trigger an "alteration" legal standard because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

## EIGHTEENTH AFFIRMATIVE DEFENSE

63.     Apple asserts that it is not required to perform structural modifications in this action because the subject facility is constructed in accordance with conventional building industry standards.

## NINETEENTH AFFIRMATIVE DEFENSE

64.     Apple asserts that the subject facility in this action is in substantial compliance with the structural access requirements of Title III of the ADA.

## TWENTIETH AFFIRMATIVE DEFENSE

65.     Plaintiff's Complaint should be dismissed, in whole or in part, to the extent that local ordinances or laws prevent any modifications that may be sought without approval of appropriate regulatory and/or zoning boards.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

66.     Apple asserts that barrier removal in this action is impracticable.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

67.     Plaintiff's claims are barred by the doctrine of equivalent facilitation, in that Apple has utilized alternative designs and technologies that provide substantially equivalent or greater access to and usability of its buildings and facilities.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

68.     Even if, assuming *arguendo*, Apple has any duty to modify its premises, Apple satisfied any such duty as, among other things, reasonable modifications were evaluated and/or reasonable alternatives were considered and/or implemented or provided, as expressly provided for by the ADA.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, to the extent that any alleged violations are within recognized tolerances or variances and/or are in compliance with the oversight of all regulatory agencies.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

69.     Plaintiff is not entitled to recovery of statutory penalties to the extent that such penalties are sought in addition to damages for the same claims, and such duplicative recovery is barred by the doctrine of unjust enrichment.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

70.     Plaintiff's Complaint should be dismissed, in whole or in part, because Plaintiff's requested modifications would pose a direct threat and/or the current configuration of Apple's premises is based on legitimate safety requirements.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

71.     Plaintiff may lack clean hands or possess an improper purpose in filing this action, thus barring equitable remedies.  Plaintiff's primary motive in filing this action may be the generation of attorneys' fees and expert witness payments.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

72.     Plaintiff is not entitled to recover attorneys' fees under the ADA to the extent Apple has or will take appropriate measures to remedy the alleged barriers to access.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

73.     Apple is relieved of any liability whatsoever as to Plaintiff's claims for damages set forth in the Complaint to the extent said claims arise solely from acts or omissions for which Apple is not responsible.

## THIRTIETH AFFIRMATIVE DEFENSE

74.     Apple is immune to liability for some or all of the alleged accessibility barriers asserted by Plaintiff in her Complaint under applicable safe harbor provisions.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

75.     Plaintiff failed to provide notice to Apple of any alleged barriers to access in order to allow an opportunity to correct any such deficiencies and, therefore, Plaintiff cannot support a claim for recovery of costs or attorneys' fees.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

76.     Plaintiff's claims are barred by the doctrine of mootness to the extent that the barriers alleged by Plaintiff, if there were any, have been or will be remediated at the time this action is finally adjudicated.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

77.     Plaintiff's Complaint and the causes of action alleged therein are barred to the extent Plaintiff never made any request for reasonable modifications of policies, practices or procedures, or for the provision of auxiliary aids or services, as would be required to pursue claims for Apple's alleged failure to provide reasonable modifications or auxiliary aids or services.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

78.     Plaintiff's Complaint and the causes of action alleged therein are barred to the extent the alleged violations of law are excused, exempted, or justified under the statutes upon which Plaintiff's claims are based.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

79.     Plaintiff's Complaint and the causes of action alleged therein are barred by Plaintiff's failure to state a clear and concise statement of the alleged claims, including, without limitation, Plaintiff's failure to state a date or dates on which she allegedly encountered barriers at the physical property at issue.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

80.     Any allegedly wrongful acts or omissions performed by Apple or its agents, if any, do not subject Apple to liability because Apple was ready and willing to accommodate Plaintiff's alleged disabilities by providing access via alternative methods, but Plaintiff never asked for or sought any assistance.

11

1

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

2      81.    Plaintiff's Complaint and the causes of action alleged therein are barred

3 to the extent that Plaintiff's claims are subject to the doctrines of res judicata and/or

4 collateral estoppel based on Plaintiff's prior actions or litigation.

5

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

6      82.    Plaintiff's Complaint fails to state a claim against Apple to the extent

7 Apple does not own, operate, lease and/or control the property in question.

8

## RESERVATION OF RIGHTS

9      83.    Apple has insufficient knowledge or information upon which to form a

10 basis as to whether it may have additional, as yet unstated, separate defenses

11 available.  Apple has not knowingly or intentionally waived any applicable

12 affirmative defenses and reserves the right to raise additional affirmative defenses as

13 they become known through discovery in this matter.  Apple further reserves the

14 right to amend its answer and/or affirmative defenses and/or to delete affirmative

15 defenses that it determines are not applicable during the course of subsequent

16 discovery.

17

## PRAYER FOR RELIEF AS TO APPLE'S ANSWER

18 WHEREFORE, Apple prays for judgment as follows:

19      1.    That Plaintiff's Complaint be dismissed;

20      2.    That Plaintiff take nothing by reason of the Complaint, or any of his

21 claims for relief thereunder;

22      3.    That judgment be entered in favor of Apple;

23      4.    That Apple be awarded costs of suit and reasonable attorneys' fees and

24 costs of suit herein;

25      5.    For such other and further relief as the Court deems just and proper.

26

27

28

ANSWER, AFF. DEFENSES & CROSS-CLAIM OF APPLE SOCAL LLC        Case No. 8:19-cv-02446

## APPLE'S CROSS-CLAIMS

1.      Pursuant to Federal Rules of Civil Procedure 13(g), Cross-Claimant Apple SoCal LLC brings cross-claims against W. Jackson Bransford, Trustee of the Bransford Living Trust ("Cross-Defendant" or "Landlord") and alleges as follows:

## JURISDICTION AND VENUE

2.      Apple's cross claim arises out of the transactions and occurrences that are the subject matter of Plaintiff's Complaint and relates to the property that is the subject matter of Plaintiff's action.  This Court has jurisdiction over this cross-claim and the parties to it under 28 U.S.C. § 1331 and 1343, and Fed. R. Civ. P. Rule 13.

3.      Venue is proper in this district under 28 U.S.C. §1391(b), (c) because the events or omissions giving rise to the claim occurred and the subject property is situated within the jurisdiction of this Court.

## PARTIES/FACTS

4.      Apple is informed and believes that W. Jackson Bransford is a natural person who is the trustee for the Bransford Living Trust, a trust doing business in the State of California and is the owner of the Imperial Promenade shopping center at West Imperial Highway, La Habra, California (the "Shopping Center") of which the Applebee's Grill + Bar located at 1238 West Imperial Highway, La Habra and complained of in Plaintiff's Complaint, is a part (the "Premises").

5.      On or about December 17, 2019, Plaintiff filed a Complaint against Apple SoCal LLC and Landlord (identified as "Bransford W. Jackson, trustee of Bransford W. Jackson Trust") seeking damages and remedies under state and federal law based on, among other things, alleged violations of various laws guaranteeing access for the disabled.

6.      The parking areas that Plaintiff alleges denied her access are part of the Shopping Center and are property owned and controlled by Landlord and Cross-Defendant.

7.     There is a lease agreement, as amended (the "Lease") between Apple and Landlord with respect to the Premises.  While the Lease was executed in April 1993 by Apple's predecessor in interest, on information and belief, it is enforceable by Apple against Landlord based on assignments, operation of law, and/or other grounds.

8.     There is a Declaration and Agreement Establishing Protective Covenants, Conditions and Restrictions and Grants of Easements (the "CC&Rs") attached to the Lease and incorporated by reference therein.  On information and belief, the CCRs are and have been in effect at all relevant times and are enforceable by Apple, as the owner of a leasehold interest in the Premises, against Landlord based on assignments, operation of law, and/or other grounds.

9.     The Lease and/or the CC&Rs, state that Landlord Cross- bears responsibility for all common areas, including parking areas and parking spaces, at the Shopping Center and serving the Premises.

10.     The Lease and/or the CC&Rs also state that Landlord, as an owner, must "indemnify, hold harmless and agree to defend" Apple, as an owner of a leasehold interest, "against and from all claims, demands, actions, suits, expenses for injury or death or damage to or loss of property arising out of the construction, use, operation and maintenance of the building structures, parking areas, driveways, access points . . ."

11.     Accordingly, Landlord is responsible for any of Plaintiff's alleged violations and/or injuries caused by its negligence, conduct, and/or inaction relating to the common areas, including the parking area at the Shopping Center outside the Premises.

## FIRST CROSS-CLAIM FOR EXPRESS INDEMNITY

12.     Apple incorporates by reference and re-alleges paragraphs 1 through 11 as though set in full herein.

13.     Apple is informed and believes, and based thereon alleges, that the Lease and the CC&Rs became effective between Landlord and Apple prior to the August 26, 2019 visit alleged by Plaintiff and remains in effect.

14.     Pursuant to the Lease and/or the CC&Rs, including without limitation, the provisions identified in Paragraphs 7-11, *supra*, Landlord owes indemnification, including active defense reimbursement, to Apple.

15.     Apple denies any wrongdoing on its part in this matter and contends that each of Plaintiff's claims, and all of them, arise out of Landlord's actual and/or claimed negligence, contractual breach or default, violation of the ADA or other applicable law, and/or other fault or wrongdoing, such that Apple is entitled to complete indemnification from Landlord under the Lease, CC&Rs, and applicable laws.

16.     Apple seeks indemnification, including active and total defense reimbursement, inclusive of all attorney's fees, expert fees, costs, and other litigation expenses, as well as protection against any adverse judgment or settlement.

17.     Apple seeks an award of its attorney's fees and costs incurred to defend the underlying Action by Plaintiff and to enforce the terms and provisions of the Agreement by way of this Cross Claim.

### SECOND CROSS-CLAIM FOR BREACH OF CONTRACT

18.     Apple incorporates by reference and re-alleges paragraphs 1 through 17 as though set in full herein.

19.     As described above in paragraphs 7-11, the Lease and/or the CC&Rs include "hold harmless" provisions, including as to "all claims . . . arising out of the . . . use, operation, and maintenance of the . . . parking areas" at the Shopping Center.

20.     Plaintiff's Complaint alleges "claims" "arising out of the use" of the "parking areas." Accordingly, Landlord is and was under a contractual duty to hold Apple harmless with respect to the allegations in the Complaint.

ANSWER, AFF. DEFENSES & CROSS-CLAIM OF APPLE SOCAL LLC          Case No. 8:19-cv-02446

21.     The Lease and/or the CC&Rs also place responsibility for maintaining the common areas of the Shopping Center, including the parking areas.  If there is any truth to Plaintiff's allegations in the Complaint, which Apple denies, then any violations are due to Landlord's failure to comply with the requirements in the Lease placed on it to maintain the common areas.

22.     Apple is informed and believes, and based thereon alleges, that Apple and Landlord each offered and accepted valid and sufficient consideration to one another with respect to the Lease and the incorporated CC&Rs.

23.     Apple is informed and believes, and based thereon alleges, that it has materially complied with all relevant portions of the Lease.

24.     Apple is informed and believes, and based thereon alleges, that Landlord materially breached its obligations by (1) failing to indemnify Apple to date in violation of the indemnification provisions and (2) failing to maintain the parking areas, according at least to Plaintiff's Complaint.

25.     The foregoing breaches directly and proximately caused damage to Apple in that it has incurred, and continues to and will incur, damages and losses in the form of attorney's fees, costs, expert fees, other litigation expenses, and other damages stemming from Plaintiff's Complaint and the corresponding breaches of Landlord alleged herein.

26.     Accordingly, Apple prays for relief according to proof.

### **PRAYER FOR RELIEF AS TO APPLE'S CROSSCLAIMS**

WHEREFORE, Apple / Cross-Complainant prays for relief and judgment as follows:

27.     That judgment be entered in Apple's favor with respect to its Crossclaims against Landlord;

28.     That Landlord be required to indemnify Apple against all claims and other allegations asserted against Apple in Plaintiff's Complaint;

29.     That Landlord pay damages to Apple for breach of contract;

30.     That Landlord be required to defend Apple from the outset of the case through reimbursement of attorney's fees, expert fees, costs, and all other litigation expenses incurred in Apple's defense of the Complaint and prosecution of these Crossclaims;

31.     That Apple be awarded costs of suit;

32.     For such other and further relief as the Court may deem just and proper.

Dated:  February 7, 2020                 APPLE AMERICAN GROUP


                                         By: _____
                                         Jenna M. Yott
                                         Attorneys for Defendant and Cross-Claimant
                                         APPLE SOCAL LLC

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that I electronically filed the foregoing with the Clerk of the

3 Court for the United States District Court for the Central District of California by

4 using the CM/ECF system on February 7, 2020.

5      Participants in the case who are registered CM/ECF users will be served by the

6 CM/ECF system.

7      I further certify that some of the participants in the case are not registered

8 CM/ECF users. I have dispatched the foregoing to a third party commercial carrier

9 for personal delivery within 3 calendar days and placed a true copy thereof enclosed

10 in a sealed envelope with First Class postage thereon fully prepaid, in the United

11 States Mail at San Francisco, California to the following non-CM/ECF participants:

12      W. Jackson Bransford
       Trustee for the Bransford Living Trust
13      17682 Mitchell North, #200
       Irvine, CA 92714
14

15

16 Dated:  February 7, 2020          APPLE AMERICAN GROUP LLC

17

18                          By:  _____.

19                               Jenna M. Yott
20                               Attorneys for Defendant & Cross-Claimant
                                 Apple SoCal LLC
21

22

23

24

25

26

27

28

ANSWER, AFF. DEFENSES & CROSS-CLAIM OF APPLE SOCAL LLC          Case No. 8:19-cv-02446